UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY VANIS,<br><br>                        Plaintiff,<br><br>v.<br><br>UNITED STATES TRANSPORTATION SECURITY ADMINISTRATION AGENCY; KIRSTJEN NIELSEN, Secretary of the United States Department of Homeland Security,<br><br>                      Defendants. | Case No.: 20cv1047-JAH (BLM)<br><br>**ORDER DISMISSING THE FIRST AMENDED COMPLAINT WITH PREJUDICE** |

On June 8, 2020, Plaintiff Tracy Vanis, proceeding pro se ("Plaintiff"), filed a Complaint against the United States Transportation Security Administration Agency and Kirstjen Nielsen, the Secretary of the United States of America Department of Homeland Security ("Defendants"), alleging unlawful discrimination under Title VII of the Civil Rights Act of 1964 (hereinafter, "Title VII"). Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing. Instead, she filed a motion for leave to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a). Doc. No. 2.

On October 15, 2020, the Court granted Plaintiff's leave to proceed IFP, pursuant to 28 U.S.C. § 1915(a) and dismissed Plaintiff's Complaint without prejudice and with leave to amend. *See* Doc. No. 3. Plaintiff's Complaint stated a claim upon which relief could be

granted but failed to show whether Plaintiff had exhausted her administrative remedies pursuant to F.R.C.P. 12(h)(3)4. *Id.* On November 27, 2020, Plaintiff filed a First Amended Complaint ("FAC"). *See* Doc. No. 4. After careful review of Plaintiff's FAC, and for the reasons set forth below, the Court **DISMISSES** Plaintiff's FAC, with prejudice and without leave to amend.

**I. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

**A. Standard of Review**

When a plaintiff seeks leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), the Complaint is subject to *sua sponte* review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that... (B) the action or appeal... (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("section 1915(e) not only permits, but requires, a district court to dismiss an in forma pauperis complaint that fails to state a claim."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). While a plaintiff need not give "detailed factual

allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

In its *sua sponte* screening of Plaintiff's original Complaint, this Court found that Plaintiff sufficiently pled a cognizable theory of racial, sexual, and national origin discrimination under Title VII.  Doc. No. 3, pg. 6.

**B. Sua Sponte Screening of Subject Matter Jurisdiction Pursuant to F.R.C.P. 12(h)(3)4**

The federal court is one of limited jurisdiction.  *See Gould v. Mutual Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986).  As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction.  *Steel Co. v. Citizens for a Better Environ.,* 118 S. Ct. 1003, 1012 (1998).  "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id*. (*quoting Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 614 (1868)).  Federal Rule of Civil Procedure 12(h)(3)4 provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citing *Summers v. Interstate Tractor & Equip. Co.*, 466 F.2d 42, 49–50 (9th Cir.1972)).  Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

To establish subject matter jurisdiction over her Title VII claim, Plaintiff is required to exhaust her administrative remedies.  *B.K.B. v. Maui Police Dep't.*, 276 F.3d 1091, 1099 (9th Cir. 2002) (citing *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir.1994)).  Under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge.  *Id*. at 1099 (citing 42 U.S.C. § 2000e–5(b)).  If the

EEOC dismisses the charge, the EEOC must "notify the person aggrieved" that she can file suit. *Id*. at 1099 (quoting 42 U.S.C. § 2000e–5(f)(1)). The notice is accomplished through a right-to-sue letter. Once a person receives an EEOC right-to-sue letter, she has ninety days to file suit. *Id.* at 1099. This ninety-day period is a statute of limitations. *Id.* at 1099 (citing *Scholar v. Pacific Bell*, 963 F.2d 264, 266-67 (9th Cir.1992)). Therefore, if a claimant fails to file the civil action within the ninety-day period, the action is barred. *Id.* at 1099 (citing *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir.1992)).

On June 8, 2020, Plaintiff filed her original EEOC Complaint as her Complaint with this Court. Doc. No. 1. In Plaintiff's Complaint, Plaintiff failed to aver she exhausted her administrative remedies by either timely filing a charge of discrimination with the EEOC or obtaining a right to sue letter. It was unclear whether the EEOC fully investigated, resolved, or dismissed the charge made by Plaintiff. Additionally, the EEOC Complaint Plaintiff filed as her Complaint was dated November 2014. Should Plaintiff have received the right to sue letter, she would have had ninety days in which to file an action with the Court. Thus, Plaintiff would be barred from bringing the initial action if she received the right to sue letter more than ninety days prior to filing with the Court. The Court therefore found Plaintiff had not met her burden in Plaintiff's initial Complaint establishing jurisdiction. Consequently, the Court dismissed Plaintiff's Complaint without prejudice and with leave to amend to cure the deficiencies in her Complaint to establish the Court's jurisdiction.

Here, Plaintiff filed her FAC on November 27, 2020. Doc. No. 4. In Plaintiff's FAC, Plaintiff pled a cognizable legal theory under Title VII. Plaintiff also included supplemental exhibits demonstrating the sufficiency of her Title VII claim. However, Plaintiff again failed to aver she exhausted her administrative remedies by either timely filing a charge of discrimination with the EEOC or obtaining a right to sue letter. Without this allegation, the FAC does not establish that the EEOC fully investigated, resolved, or dismissed the charge made by Plaintiff. Thus, the only reasonable inference to be drawn by the Court is that Plaintiff has not exhausted her administrative remedies pursuant to

F.R.C.P. 12(h)(3)4.  Without establishing subject matter jurisdiction, the Plaintiff cannot litigate, and this Court cannot otherwise consider the bona fides of Plaintiff's claims. Because Plaintiff's claim lacks the appropriate subject matter jurisdiction necessary to pursue the instant action, the Court denies Plaintiff leave to amend as futile. *See Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 339 (9th Cir. 1996).

## II.     Conclusion and Order

For the reasons explained above, the Court **DISMISSES** Plaintiff's FAC with prejudice.

**IT IS SO ORDERED.**

DATED: March 30, 2021

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE